[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on July 24, 1982 in Westport, Connecticut. There are two children issue of the marriage, Courtney, age seven and Kim, age four.
The plaintiff is thirty-one years of age. She is a graduate of the University of Connecticut with a bachelor's degree in fine arts and is studying for her master's degree at Southern Connecticut, majoring in art education. She has sufficient credits for her teaching certificate and will be certified to teach art in grades K-12. She is teaching art as a substitute teacher in Trumbull, Westport, Wilton and Fairfield and works per diem as a free lance graphic artist and is working presently for Joshua Morris Publishing in Wilton on a per diem basis. She has filed applications for a full time art teaching position in all the surrounding communities. The parties' child, Courtney, is in the second grade at Sherman School in Fairfield and Kim is a full-time preschooler at Child Guardian in Fairfield. The plaintiff and the two children live in a rented apartment in Fairfield.
The defendant is thirty-three years of age, and is a high school graduate and attended one semester at the University of Maryland. His employment since finishing his academic training has been entirely as a waiter and a cook. He is presently employed as the primary cook at the Anacapri Restaurant on Commerce Drive in Fairfield. The restaurant is owned by his sister. He started working at the Anacapri Restaurant when it first opened in 1983 or 1984 and has, except for three or four brief absences, worked there ever since. In this position, he has earned $300.00 per week and a net of $259.00 per week. However, this pay has been supplemented by his sister so that he was bringing home from the restaurant anywhere from $500.00 to $600.00 per week. The difference between $259.00 (his net pay) and the $500.00 to $600.00 that he was bringing home was, in reality, gifts from his sister. When the court says "bringing home", this is in the figurative sense. In reality, most of the time his pay check and cash was handed directly to the plaintiff by the defendant's sister. CT Page 2748
The plaintiff, in her position, earns a gross amount of $330.00 per week and a net amount of $255.00 per week. This, of course, varies from week to week depending upon the substituting jobs available and the freelance work available. When she obtains a full-time teaching position, her financial situation will change dramatically.
The parties both agree that the primary cause of the breakdown has been the husband's use of drugs. He has been arrested for buying cocaine, has been shot, and has been hospitalized at Silver Hill in September of 1987 and October of 1988. In January 1990, he was treated at Guenster House and, according to his testimony, has been "clean" since February of this year. In November 1989, the plaintiff sought and obtained a restraining order because of her fear for her safety. At that point in time, the defendant was back on drugs.
The dispute between the parties is over the issue of alimony. The defendant's net wages are $259.00. The records of the Anacapri Restaurant were produced in Court by Ms. Audrey Rose Longo (defendant's sister and owner of the restaurant). Those records were subpoened by plaintiff's attorney and examined by him. If they had reflected evidence contrary to the testimony of Ms. Audrey Longo, they would have been produced in evidence. They were not produced. The court is entitled to infer that the records supported the defendant's testimony and that of his sister. See Secondino v. New Haven Gas Co., 147 Conn. 672, 675 (1978) and progeny. The defendant's sister, does, however, on a regular basis, make a gift or contribution to the defendant's expenses of $90.00 to $100.00 per week at present. This was stated by defendant in his testimony and by his counsel in final argument and is reflected in the defendant's financial affidavit. The court is entitled to take this additional $90.00 to $100.00 per week contribution into account in fixing its orders of alimony and support. Anderson v. Anderson,191 Conn. 46 (1983); Rubin v. Rubin, 204 Conn. 234, 238
(1987); but see Schmidt v. Schmidt, 180 Conn. 184, 187
(1980).
Having heard the evidence of the parties, the Court, in addition to the foregoing findings, finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. There has been an irretrievable breakdown of the marriage. CT Page 2749
4. The defendant is at fault for the breakdown of the marriage.
The parties have met with Family Relations for mediation on the issue of custody and have reached an agreement on this issue. The Court approves that agreement and shall enter orders as hereinafter set forth in accordance with that agreement.
With respect to alimony, support and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530
(1980).
The court has considered all of the criteria of 46b-81,46b-82 and 46b-84 of the General Statutes together with the provisions of 46b-56 and 46b-62 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366, 368, (1981) this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of CT Page 2750 these statutory criteria." Weiman v. Weiman, 188 Conn. 232,234 (1982).
The plaintiff is currently employed as previously set forth. It is anticipated that she will become a full time art teacher. Even if she should not, she is a free lance graphic artist. She is in good health. Certainly, within seven years she will be self supporting and self sufficient. The court is, therefore, terminating its alimony order after seven years, non modifiable as to duration.
The court enters the following orders:
1. A decree of dissolution of the marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. The parties shall have joint legal custody of the two minor children, the children to reside principally with the plaintiff. The parties shall share in all decision making with regard to the children. The defendant shall have liberal and flexible rights of visitation with the children as agreed upon between the parties. He shall be entitled to have the following minimum schedule of visitation:
a. Each weekend for three hours on Saturday and three hours on Sunday.
b. On the Easter, Thanksgiving and Christmas holidays, for two hours in the morning.
c. On the birthdays of the children for two hours after school.
d. The parties shall alternate the summer holidays of Memorial Day, Fourth of July, and Labor Day, starting with Memorial Day, 1991, when the children will be with the defendant.
Until January 1, 1991, all visitation shall be in the plaintiff's presence and the defendant shall not transport the children in his automobile until after that date. As to both of these conditions, the plaintiff may waive the same.
3. The defendant shall pay to the plaintiff by way of alimony, the sum of $40.00 per week commencing the first Saturday after the date of this decision and payable each Saturday thereafter, terminating upon the first to occur of the following events: the death of either of the CT Page 2751 parties, the plaintiff's remarriage, the plaintiff's cohabitation as found pursuant to the provisions of 46b-86(b) of the General Statutes, seven years from this date, non modifiable as to term. The court orders a contingent order for wage withholding.
4. The defendant shall pay to the plaintiff by way of support for the minor children the sum of $80.00 per week per child for a total support order at this time of $160.00 per week. A contingent order for wage withholding shall issue to secure the orders for support.
5. The defendant shall maintain such medical insurance as he has available through his employment for the benefit of the minor children. The plaintiff shall have the benefit of the provisions of 46b-84(c) of the General Statutes.
6. The defendant shall cooperate with the plaintiff so that she may have continued medical insurance coverage under his medical insurance policy under the provisions of 38-262(d) of the General Statutes at her expense.
7. Any uninsured or unreimbursed medical or dental expenses incurred for the minor children shall be shared equally by the parties.
8. The defendant shall maintain life insurance with a minimum payable upon death value of $50,000.00 naming the children in equal shares as irrevocable first beneficiaries thereof so long as he is obligated to pay support. He shall supply proof annually of the existance [existence] of such policy or policies and designation of beneficiaries.
9. Each of the parties shall retain the bank account, personal property and belongings currently in his or her possession. The contents of the former marital home shall be the property of the plaintiff, free of any claim or demand by the defendant.
10. Each party shall be responsible for the liabilities set forth in his or her financial affidavit and shall indemnify and hold harmless the other party from any claim or demand thereon.
11. The defendant shall contribute toward plaintiff's counsel fees the sum of $1,000.00. The same to be paid within ninety (90) days of the date hereof.
12. The plaintiff shall have restored to her, her maiden name of Patricia Chernick.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, JUDGE CT Page 2752
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2753