## In the Matter of the Purported Last WILL and Testament of Estelle B. COLLINS.

Supreme Court of Delaware.
Feb. 28, 1969.

Melvyn A. Woloshin, Wilmington, for proponent-appellant.

Victor F. Battaglia, of Biggs & Battaglia, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

The Orphans' Court affirmed the action of the Register of Wills in denying probate of the Will of Estelle B. Collins on the ground that she lacked the testamentary capacity to execute the Will. The proponent of the Will appeals.

The proponent contended in the Orphans' Court, and now contends here, (1) that, under Nardo v. Nardo, Del., 209 A.2d 905 (1965), she was entitled to a rehearing of the evidence on appeal to the Orphans' Court; but if not, (2) that the record made before the Register shows that he committed reversible error in finding lack of testamentary capacity.

### I.

The Orphans' Court reviewed the case on the record made in the Register's Court, holding that under the Nardo case "the question of a de novo trial, including a fresh hearing of the evidence, should turn on a determination of whether the result below was *clearly* correct or not." Upon its determination from the record that the decision of the Register was clearly correct, the Orphans' Court affirmed upon that record.

The Nardo case controls; but apparently there is some doubt as to the nature of the review by trial de novo discussed in that case.

The expression "trial de novo" has two meanings: A trial de novo by a reviewing court may mean (1) a retrial on the evidence presented and the record made before the lower tribunal; or (2) a retrial in which the evidence is heard anew by the appellate tribunal. Although the latter usage is the more ordinary, the former is not uncommon. A retrial on the record is a trial de novo within the accepted meaning of that term where, as here, the reviewing court is required to retry both the law and the facts of the case. But although a review by trial de novo is primarily on the record made in the lower court, the reviewing court has the discretionary power to open the case and to hear the evidence anew, either as to all the issues or as to

designated issues only. Denver & R. G. W. R. Co. v. Public Service Comm., 98 Utah 431, 100 P.2d 552 (1940); In re Heart River Irr. Dist., 78 N.D. 302, 49 N.W.2d 217 (1951); 5 C.J.S. Appeal and Error §§ 1528, 1531

In the *Nardo* case, our references to review by trial de novo, as that term was used in the earlier cases cited in *Nardo*, were intended to be references to retrial on the record made before the Register of Wills, with the discretionary power in the Orphans' Court to take evidence anew, either before the Court or before an advisory jury, whenever that Court thinks it necessary so to do in the interest of justice. That a review of the Register's Court by trial de novo on its record has been the practice in this jurisdiction for a long time is evident from the earlier cases cited in the *Nardo* case.

We confirm, therefore, that a review of the decision of the Register's Court by the Orphans' Court is properly made on the record before the Register unless, in the exercise of a sound judicial discretion, the Orphans' Court decides that all or some of the evidence should be heard anew. It follows that the appellant's position, that under the *Nardo* case she was entitled to a rehearing of the evidence anew, is untenable.

In the exercise of its discretion on this question, the Orphans' Court adopted this standard: "If the Court finds, after a review of a verbatim record, that the result below was clearly correct, it is justified in refusing an application for a fresh hearing of the evidence. If the decision below is not clearly correct, then this Court should hold a fresh hearing of the evidence." This criterion for the exercise of discretion, while not necessarily exclusive, is certainly reasonable. There was no abuse of discretion, in our opinion, in the refusal of the Orphans' Court to hold a rehearing of the evidence.

## II.

There remains the question of whether, upon the record made before the Register, that Court and the Orphans' Court correctly concluded that the testatrix lacked the required testamentary capacity to execute her Will.

In our review of the facts and the law of the case, we have reviewed the testimony of the numerous witnesses presented by both sides on the issue of competency. No worthwhile purpose will be served by restating the voluminous evidence here. In the disposition of this phase of the appeal, we limit this opinion to the statement that we agree with the inferences and deductions of the Orphans' Court and its ultimate finding of lack of testamentary capacity, all of which we find supported by sufficient evidence and the law. Nardo v. Nardo, Del., 209 A.2d 905 (1965); Lank v. Steiner, Del., 224 A.2d 242 (1966).

Accordingly, the judgment below is affirmed.