In the Matter of the ESTATE of Frank A. LEVERING, Deceased.

Orphans' Court of Delaware, New Castle.

Jan. 6, 1970.

David Snellenburg, II, Wilmington, for Francis Levering, proponent-appellant.

Joseph H. Flanzer, Wilmington, for Blair S. Levering, contestant-appellee.

OPINION

CHRISTIE, Judge.

This is an appeal from an order of the Register of Wills, declaring invalid the purported will of the decedent dated June 15, 1968, and revoking the Register's earlier order of September 11, 1968, which had admitted the instrument to probate. The order appealed from provides for "the admission to probate of a will of the decedent dated January 24, 1962, and the codicil thereto, dated November 8, 1966." The Register found that the decedent lacked testamentary capacity at the time of the execution of the instrument dated June 15, 1968. The proponent of the 1968 instrument is the grandson of the decedent and is named in the instrument as executor and sole beneficiary of the decedent's estate. He has brought this appeal seeking to reverse the decisions of the Register of Wills.

The decedent, Frank A. Levering, was 93 years of age at his death on September 11, 1968. He was hospitalized on May 27, 1968, suffering from generalized arteriosclerosis. On June 28, 1968, he was admitted to a nursing home. During all of his hospital stay he was under heavy sedation, frequently with physical restraints.

On June 15, 1968, at about the middle of the period of hospitalization the deceased executed the purported will. The instrument had been prepared and presented to him by the proponent and was executed by holding deceased's hand on the top of a pen while one of the witnesses

wrote an "X". The evidence is conflicting as to the cordiality of the relationship between the decedent and his grandson. In the instrument of June 15, 1968, the proponent-grandson is named as his sole beneficiary and executor to the exclusion of the testator's six surviving children.

■ An appeal to this Court from the Register of Wills results in a trial de novo on the facts and law, considered in the light of the record as a whole. This Court may call for the presentation of some of or all of the evidence and the proponent requested permission to represent some of the testimony which had been considered by the Register. There was no indication that such presentation would differ in any material way from that presented below. Therefore, I declined to rehear any evidence in this case. Instead, I reviewed the record in order to make de novo evaluation of the testimony.

■ I conclude that under the circumstances here present the record provides no convincing evidence upon which a trier of fact could reasonably conclude that the testator had the requisite capacity to execute a will on June 15, 1968. Indeed, the great preponderance of the evidence is to the contrary. Therefore, this Court need go no further and the order of the Register denying probate to the purported will will be affirmed. Nardo v. Nardo, Del. Supr., 209 A.2d 905 (1965); In the Matter of the Purported Last Will & Testament of Estelle B. Collins, Del.Supr., 251 A.2d 345 (1969).

All of the disinterested persons who were in constant and regular attendance upon the decedent prior to, at, and immediately following the time of the execution of the purported will were of the unanimous opinion that Mr. Levering was totally unaware of where he was, who was with him and what he was doing. The clear preponderance of the evidence of doctors, nurses, visitors and friends indicates, without exception, that he was "not lucid", "knocked out", "confused", "dopey", "sleepy", "beclouded", "irrational", "incompetent", "unaware", "violent" and so forth. The medical evidence indicated that he was receiving heavy doses of sedatives.

The record contains no convincing evidence to indicate that Mr. Levering was rational and lucid at any time within the period including the date of June 15, 1968. Medical testimony that arteriosclerotic patients in general may exhibit periods of lucidity alternating with periods of confusion carries little or no weight in view of the specific, overwhelming evidence that this particular arteriosclerotic, 93 year old man, was not regarded as capable or lucid at any time during his hospital stay by anyone who saw him regularly.

The only testimony that Mr. Levering was lucid at the time he executed the instrument came from the proponent, an interested party as sole beneficiary under the purported will, and the two witnesses to the instrument, one a social and business associate of the proponent who had never met or known the testator, and the other an aunt of the proponent's wife, who had not had occasion to visit and converse with the decedent for a couple of years prior to his hospitalization.

There is an abundance of evidence indicating that the decedent lacked the requisite testamentary capacity to execute the instrument of June 15, 1968.

The testimony presented on behalf of the proponent is not convincing. The presumptions of testamentary capacity and of sanity are here clearly overcome. I find that the testator lacked testamentary capacity at the time the testator executed the instrument of June 15, 1968.

The order of the Register of Wills is affirmed. It is so ordered.