**In the Matter of Frank A. LEVERING, Deceased.**

**Francis A. LEVERING, Jr., Proponent-Appellant below, Appellant,**

**v.**

**Blair S. LEVERING, Contestant, Appellee below, Appellee.**

Supreme Court of Delaware.

Sept. 23, 1970.

Petition for Reargument Oct. 7, 1970.

---

\* There was testimony that stop-payment notices require one to two hours to process.

Kenneth W. Lewis, James F. Kruzinski, and Joseph A. Julian, Jr., Wilmington, for appellant.

Joseph H. Flanzer, of Flanzer & Isaacs, Wilmington, for appellee.

WOLCOTT, Chief Justice, HERRMANN, Justice, and DUFFY, Chancellor, sitting.

HERRMANN, Justice.

This is an appeal from the judgment of the Orphans' Court affirming the conclusion of the Register of Wills that the testator, Frank A. Levering, did not possess the requisite testamentary capacity when he executed the purported Will contested in this action. The Register had denied probate.

The opinion of the Orphans' Court appears at 269 A.2d 260.

■ We have reviewed the record in this cause and the facts and the law involved. We agree with the inferences and deductions of the Orphans' Court, and its ultimate finding of lack of testamentary capacity at the time of the execution of the Will, all of which we find supported by sufficient evidence and the law. See In re Collins, Del.Supr., 251 A.2d 345 (1969).

■ The contention of the appellant that the Orphans' Court erred, in refusing to hear anew the testimony of the two subscribing witnesses, has been duly considered. We hold that there was no abuse of discretion in the Court's refusal to rehear testimony previously heard by the Register of Wills and fully reported in the transcript of the record. See In re Collins, Del.Supr., 251 A.2d 345 (1969).

The contestant of the Will, appellee herein, alleged undue influence as well as lack of testamentary capacity in attacking the document. These were alternate grounds; the denial of probate on either ground rendered academic the other ground; and the Orphans' Court correctly stated that it need go no further after finding lack of testamentary capacity.

■ The proponent argues in this connection that the contention of undue influence rests upon a presumption of testamentary capacity; that, therefore, the assertion of undue influence requires abandonment of lack of testamentary capacity as a ground of contest, citing Conner v. Brown, Del.Super., 9 W.W.Harr. 529, 3 A. 2d 64 (1938). There is no merit in this argument; the cited case, which referred to a situation in which undue influence was the sole ground of the contest, does not so hold. As stated above, the contention of undue influence may be asserted properly as alternate to the contention of lack of testamentary capacity.

Affirmed.