[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties CT Page 4137 were married on May 30, 1964 in Trumbull, Connecticut and have lived in Connecticut ever since that time. There have been two children issue of the marriage both of whom are over the age of eighteen.
This is the second trial of this matter, the first trial having taken place on September 25, 1990. The court on October 18, 1990 granted the defendant's motion to reopen the judgment entered by Judge Hauser because of confusion on the assignment of this matter.
Each of the parties is 47 years of age. They met in grade school, went through high school together and married at the age of 21. Each of them were working at the time and earning $90.00 per week, she at Norden's and he as a plumber. The defendant subsequently became a licensed Master plumber and has worked as such all during the marriage. In the late 70's he formed a partnership and built residential homes. Their first child, Tricia, was born in May, 1969. After Tricia's birth, the plaintiff took a real estate course and then worked as a real estate salesperson until their son Kevin was born two years later. After Kevin was born and in school, the plaintiff returned to work as a realtor. About in the mid 70's, the defendant established his own plumbing business and operated out of the family home. Through the marriage both of the parties worked, and each earned approximately like amounts.
The defendant is a recovering alcoholic. He has been a member of AA for the last four years. Prior to that time, however, he was a sporadic drinker and there were episodes of physical violence and verbal abuse. The plaintiff complained of rages and anger addressed to her by the defendant for years. This was corroborated by the daughter, Tricia. The plaintiff sought counseling on numerous occasions and joined Alanon six and a half years ago.
Even though the defendant has stopped his drinking, his personality and temper have not improved. He attacked the plaintiff because the groceries had not been purchased or the house was not cleaned.
The parties purchased their first home in 1969 on Wells Road in Monroe. This property was purchased for $22,000.00 and sold in 1984 for $95,000.00. In 1984 they built a home on property acquired through the defendant's building partnership consisting of 15 acres on Hannah Lane in Monroe. The total cost of this property was $220,000.00. Title is in the defendant's name alone because the property came through the defendant's business. The property has now been contracted for sale, the closing to be on December 3, the contract price CT Page 4138 $359,000.00.
In February, 1990, the plaintiff was diagnosed as having inflammatory breast cancer. In June, a mastectomy was performed and since then she has been receiving aggressive chemotherapy by monthly injections. She has been hospitalized for the chemotherapy treatments three times since her operation and has one more visit to go. Three or four weeks ago liver damage was diagnosed. In addition to the chemotherapy, the plaintiff is having daily radiation treatments. In view of her present physical condition, she is unable to work and has been unable to work since February. From a medical standpoint, it is unclear as to when, if at all, she will be able to return to work.
The defendant's health is good. However, while business was outstanding in 1986, it has declined gradually since that date and for the last four months has deteriorated to "almost nothing." While he earned $75,000.00 per year (see plaintiff's exhibit E) and earned $29,000.00 for the first eight months of 1990 (see statement from defendant's accountant, exhibit C) which averages to an amount of $865.00 gross income per week, the defendant testified that this was so because of payments in the early months of 1990 for work done in 1989. He maintained that his income now was more accurately reflected in his financial affidavit dated June 5, 1990 which he maintained was prepared by his accountant at that time.
While the court has plaintiff's exhibits D and E which reflect an inflated picture of the parties' finances, the court finds that the true income picture is closer to that reflected in the defendant's financial affidavit of June 5 and net worth as stated in the financial statement prepared by the defendant's accountant showing the financial picture as of August 31, 1990.
On August 14, 1990, the last of the parties' other properties were sold. After payment of the outstanding indebtedness, the sale resulted in a $2,500.00 amount to each of the parties.
The plaintiff left the family home in September, 1989. At that time she resided in the condominium unit at Northbrook Condominiums. This was the unit that was sold on August 14. The plaintiff is now living with a female friend in her home for financial reasons, health reasons and emotional support. The current orders are for pendente lite alimony in the amount of $216.00 per week.
In determining the proper orders in this case the court must consider the factors set forth in 46b-81 and 46b-82
CT Page 4139 of the General Statutes together with the provisions of 46b-62. With respect to alimony, support and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530
(1980).
The court has considered all of the criteria of46b-81, 46b-82 and 46b-62 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366, 368, this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232, 234
(1982).
The court, in addition to the foregoing findings, finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are CT Page 4140 true.
3. There has been an irretrievable breakdown of the marriage.
4. The defendant is at fault for the breakdown of the marriage.
The court enters the following orders:
1. A decree of dissolution of the marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. The defendant shall pay to the plaintiff by way of alimony the sum of $216.00 per week terminable upon the death of either of the parties or the plaintiff's remarriage. The court orders a contingent order for wage withholding.
3. The defendant shall maintain his current life insurance policies (Chubb Life, Metropolitan and United Life) naming the plaintiff as irrevocable first beneficiary thereof for so long as he is obligated to pay alimony.
4. The defendant shall sell the real property at 35 Hannah Lane, Monroe, Connecticut and from the proceeds of sale the following shall be paid: a. brokerage commission; b. customary closing expenses; c. real property taxes of the Town of Monroe; d. principal balance of first mortgage to Derby Savings Bank; f. lien to Attorney Anthony Copertino; g. $5,000.00 to Attorney Stanley Goldstein as a contribution toward his fees as counsel for the plaintiff; h. $7,300.00 or lesser balance to Lipnick Plumbing Supply; i. taxes owed to the Internal Revenue Service for the years 1988 and 1989 including interest and penalties, if any; j. motor vehicle taxes owed to the Town of Monroe on automobile registration 744 BTM including interest and penalties, if any; k. $75,000.00 to the plaintiff; l. balance of the proceeds of sale to the defendant.
5. From the defendant's proceeds of sale, the defendant shall pay to the plaintiff $500.00 as her half of the security deposit on the condominium known as 12 Fallsbrook Circle, Monroe, sold on August 14, 1990.
6. The defendant shall divide his 100 shares of Exxon and his 100 shares in the 100 Fund and shall assign and transfer to the plaintiff 50 shares of each. If these securities are not held within the defendant's Merrill Lynch Retirement CT Page 4141 Plan, the defendant shall also assign and transfer to the plaintiff a one half interest in that plan.
7. The tangible personal property at 35 Hannah Lane in Monroe shall be the property of the defendant free of any claim or demand by the plaintiff except for the following: a. the china cabinet in the living room; b. the baby bassinet; c. two chairs and chaise with cushions; d. metal file cabinet; e. plaintiff's insurance policies, birth certificates, and personal files; f. file cabinet; which property shall be the plaintiff's free of any claim or demand by the defendant. The tangible personal property in the possession of the plaintiff shall be hers free of any claim or demand by the defendant.
8. The defendant shall pay to the plaintiff from the proceeds of sale of the real property known as 35 Hannah Lane, Monroe, the sum of $5,000.00 toward the plaintiff's counsel fees as hereinbefore ordered under paragraph 4g.
9. The defendant shall indemnify and hold harmless the plaintiff from any and all claims of deficiency, interest or penalties for all joint income tax returns filed by the parties with the State of Connecticut or the Internal Revenue Service.
10. All other personal property in the possession of either of the parties shall be the property of that party free of any claim or demand by the other party.
11. The plaintiff shall be responsible for the liabilities reflected in her financial affidavit except for the liability to the Town of Monroe for personal property taxes and shall indemnify and hold harmless the defendant from any claim or demand thereon.
12. The defendant shall be responsible for those liabilities which he has incurred since the date of separation of the parties other than those liabilities which the court has ordered are to be paid out of the proceeds of sale of the real property and shall indemnify and hold harmless the plaintiff from any claims or demands thereon.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE CT Page 4142