[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on May 17, 1986 in Bridgeport, Connecticut. The plaintiff resides in the family home in Stratford, and the defendant resides with a female companion and fellow employee on Post Oak Road in Stratford. The plaintiff is 42 years of age and employed by General Electric Capital Corporation in Stamford as an executive secretary earning a salary of $31,000.00 per year. She is in good health. The defendant is 48 years of age and is employed as an optometrist by Willows Opticians in Westport, Connecticut. He has worked for Willows Opticians for three months. Prior to that he was a partner in and employed by Vision Center Ltd. with offices in Bridgeport and Stratford. He was employed by Vision Center Ltd. at the time of the parties' marriage.
The defendant is a recovering alcoholic. At the time of the parties' marriage he was sober and had been so for four years. However, in October, 1988, the defendant resumed drinking. He was admitted to the Bridgeport Hospital detoxification unit in March, 1989. Subsequently in August, 1989, he admitted himself into Park Side Lodge for 32 days. In March or April of this year he was back in Park Side Lodge for seven or eight days and says he has not had a drink since then. He attends AA. He has testified that if he goes back to drinking he will die because of previous liver and pancreas damage from his drinking. The defendant's health problem, i.e. his alcoholism, is the precipitating cause of the breakdown of the marriage. See McPhee v. McPhee, 186 Conn. 167, 176 (1982)
There are no children issue of this marriage. The parties separated in April, 1990, one month short of four years after the marriage. This is the first marriage for each of the parties.
At issue in this matter is the division of their property. At the time of their marriage, the defendant had about $8,000.00 in savings. The plaintiff owned a condominium with an equity value approximating $75,000.00 as demonstrated by its sale in May of 1987.
In December, 1986, the parties purchased a home at 280 Quenby Place in Stratford. The purchase price was $190,000.00. The parties put $19,000.00 down which was accumulated savings of each plus $5,000.00 — $6,000.00 in wedding money. Since the plaintiff's condominium had not been sold, they borrowed $25,000.00 on a swing loan which was paid off upon the sale of the plaintiff's condominium. CT Page 4126
Of the amount received by the plaintiff on the sale of the condominium, $50,359.00 was invested in a certificate of deposit. This was divided in May, 1990, with an amount of $79,888.41. of this amount, $14,000.00 paid off a loan made to purchase the defendant's 1989 Cadillac. The parties divided this account, each receiving $32,000.00. This split, however, was unfair to the plaintiff considering the original $50,357.00 was hers.
Finally, the parties invested their savings in a General Electric Savings Program through the plaintiff's employment, and this account needs to be divided between the parties' in an equitable manner.
The court finds that the conveyance by the defendant to the plaintiff of his share of the real property at 280 Quenby Place in Stratford together with $8,500.00 is a fair and equitable division of the parties' assets.
In determining the proper orders in this case the court must consider the factors set forth in 46b-81 and 46b-82
of the General Statutes together with the provisions of 46b-62. With respect to alimony, support and a division of the property of the parties, the law to be considered has been stated as follows: To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. CT Page 4127 Valente v. Valente, 180 Conn. 528, 530
(1980).
The court has considered all of the criteria of46b-81, 46b-82 and 46b-62 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366, 368, this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232, 234
(1982).
The court, in addition to the foregoing findings finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. There has been an irretrievable breakdown of the marriage.
The court enters the following orders:
1. A decree of dissolution of the marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. There shall be no periodic alimony to either of the parties.
3. The defendant shall quit claim all of his right, title and interest in and to the property at 280 Quenby Place, Stratford, Connecticut, to the plaintiff, and the plaintiff shall be responsible for the payment of the first and second mortgages and all taxes and assessments and shall indemnify and hold harmless the defendant from any claims or demands thereon.
4. The previous orders of the court ordering funds of the defendant to be held in escrow shall be vacated forthwith.
5. The defendant shall pay to the plaintiff the sum of Eight Thousand Five Hundred ($8,500.00) dollars as an assignment of property pursuant to the provisions of 46b-81 of the General Statutes.
6. The defendant shall assign all of his right, title and interest in the General Electrict Stock certificate in joint CT Page 4128 names to the plaintiff as an assignment of estate pursuant to 46b-81 of the General Statutes.
7. The Mitsubishi television set shall be the property of the defendant, and he shall be wholly responsible for the outstanding indebtedness to Avco Finance in the amount of $2700.00 and shall indemnify and hold harmless the plaintiff from all claims or demands thereon.
8. All other tangible personal property at 280 Quenby Place shall be the plaintiff's free of any claim or demand by the defendant. All tangible personal property in the possession of the defendant shall be his free of any claim or demand by the plaintiff.
9. All the assets listed in the plaintiff's financial affidavit shall be hers free of any claim or demand by the defendant.
10. All other assets listed in the defendant's financial affidavit including his interest in the business known as Vision Center Ltd. shall be his free of any claim or demand by the plaintiff.
11. The defendant shall be responsible for the liabilities listed in his financial affidavit and shall indemnify and hold harmless the plaintiff thereon.
12. The plaintiff shall be responsible for the liabilities to CNB Mastercard and Bradlees Department Store listed in her financial affidavit and shall indemnify and hold harmless the defendant thereon.
13. Each party shall pay his or her own attorney's fees.
14. The plaintiff shall have restored to her her maiden name of Della Arkison.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE