[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband claiming irretrievable breakdown of the marriage. The parties were married November 26, 1983 in Fairfield, Connecticut. The parties separated in the early spring of 1990, although they are still sharing the marital residence.
The plaintiff was born in Poland, is a former housekeeper with a high school education. She has worked as a receptionist and is currently employed as an assistant manager of a clothing store in Norwalk earning $7.75 per hour. She was terminated in her prior position at Network Products as a receptionist in April, 1990, and started her present job on CT Page 421 December 18, 1990. She is 29 years of age.
The plaintiff sustained an injury to her back as a result of an automobile accident in February, 1990. There has been no evidence on the extent of those injuries, although the expression of an opinion of her attorney that her case is valued at $20,000.00 and her medical bills totalled $5,000.00. Additionally, plaintiff was recalled to the witness stand to testify that an abdominal growth had been recently diagnosed and she was facing abdominal surgery. There was no further evidence offered on this testimony.
The defendant is employed by Continental Insurance Group in New York City in reinsurance. He is a college graduate and, like the plaintiff, has just commenced new employment on October 15, 1990. His annual salary is $75,000.00. His first opportunity for a bonus will be in March, 1992. Bonuses are considered pursuant to a management incentive plan (defendant's exhibit 2) which would allow a bonus up to 50 per cent of his salary.
It is agreed that the marriage of the parties has, broken down irretrievably. There has been no evidence on the issue of fault. There has been evidence that the defendant has used drugs during the marriage and that he is an alcoholic. He is attending AA at the present time. The defendant is 33 years of age and in apparent good health.
There are no children issue of the marriage and no children have been born to the plaintiff since the date of the marriage. The plaintiff seeks reimbursement for food which she purchased in the amount of $750.00. (See plaintiff's exhibit B.) She claims that the pendente lite orders entered on June 7, 1990 provided that the defendant was to pay all household expenses including food. She also seeks an amount of $94.15 which was deducted by the defendant from the $150.00 per week ordered to be paid to her pursuant to the pendente lite orders. She is willing to quitclaim her interest in the marital home to the defendant in return for a lump sum payment of $30,000.00 to reimburse her for money removed from her 401K plan ($5,414.24), an insurance payment on a car purchased by her prior to the marriage ($3,500.00) and in lieu of her right, title and interest in the marital residence.
The marital residence was purchased in 1987. Twenty Thousand ($20,000.00) Dollars was borrowed from the defendant's parents and the balance of the purchase price was borrowed by a mortgage loan. While title to the property was taken in joint names, the mortgage loan is entirely in the defendant's name. The defendant reports in his financial affidavit a current value CT Page 422 of the real property of $205,000.00. The current principal balance of the mortgage is $197,934.00 leaving a total net equity of $7,066.00.
The plaintiff has worked continuously since 1983. Until 1986, she worked in domestic service and in 1986 earned $11,700.00. In 1987 she commenced employment with Executone and earned $14,000.00. In 1988 she was still employed with Executone and earned $16,000.00. In October, 1989 she commenced employment with Network Products, Inc. and was employed at an annual salary of $19,000.00. Her earnings for 1989 were $17,000.00 (Executone and Network Products). Her job with Network Products terminated in April, 1990, and she was unemployed until December, 1990 when she started her present position.
With respect to alimony and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530
(1980).
In addition to the foregoing findings as hereinbefore set forth, the court finds as follows: CT Page 423
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. There has been an irretrievable breakdown of the marriage.
4. Neither party is found at fault for the breakdown of the marriage.
5. There is an arrearage on the alimony pendente lite orders of $94.15.
6. There is an arrearage on the pendente lite orders of $750.00 owed to the plaintiff for food purchased by her.
Having considered the factors of 46b-81 and 46b-82
of the General Statutes, the case law and the evidence, the court enters the following orders:
1. A decree of dissolution of the marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. The defendant shall pay alimony to the plaintiff in the amount of $225.00 per week to commence upon the plaintiff's vacating the property at 26 Millspaugh Drive, Fairfield, Connecticut.
 The defendant's obligation to pay alimony shall terminate upon the earliest to occur of the following events: the death of either of the parties, the plaintiff's remarriage, or four (4) years from the date hereof. The alimony shall be nonmodifiable as to term and amount unless it is demonstrated in further proceedings before the court and before the termination as provided above that the plaintiff is unable to engage in full time employment because of physical disability. The court orders an immediate order for wage withholding to secure the orders for alimony.
3. The plaintiff shall quitclaim all of her right, title and interest in and to the real property at 26 Millspaugh Drive, Fairfield, Connecticut and shall vacate said property within thirty (30) days of the date hereof.
4. Until the plaintiff's vacating of the property at 26 Millspaugh Drive, Fairfield, the defendant shall continue to abide by the pendente lite alimony orders which shall remain in effect until the date the plaintiff vacates the property.
5. The plaintiff shall be entitled to the following tangible CT Page 424 personal property from 26 Millspaugh Drive, Fairfield:
a. Her clothing.
b. Her jewelry and personal effects.
 c. The sofa, purchased by the parties, coffee table, end table and mirror from the living room.
 d. The mahogany serving table that was a gift from the Zeislers and one half of the crystal and china from the dining room.
 e. The butcher table, cuisinart, toaster oven, blender, coffee maker, and one half of the dishes, glasses, pots and pans in the kitchen.
 f. The mahogany bed, dresser, television and television stand in the bedroom used by the plaintiff.
 g. One set of Lark luggage, the Electrolux vacuum and the washer and dryer.
h. Photographs to be divided.
6. The plaintiff shall return the gold medallion to the defendant.
7. The other tangible personal property of the parties at 26 Millspaugh Drive, Fairfield, shall be divided as the parties may agree. In the event they are unable to agree, the division of tangible personal property shall be referred to Family Services for resolution of such disagreements. In the event Family Services is unable to resolve such disputes, the parties shall return to court for further orders. In the division of tangible personal property, Family Services should take into consideration the tangible personal property ordered to the plaintiff under paragraph five hereof.
8. The defendant shall pay to the plaintiff on the pendente lite orders the sum of 844.15 ($750.00 plus $94.15) within two weeks of the date hereof.
9. The defendant shall pay to the plaintiff by way of assignment of estate the sum of Twenty Thousand ($20,000.00) Dollars rs to be paid as follows: Five Thousand ($5,000.00) Dollars at the time the plaintiff vacates the real property; Five Thousand ($5,000.00) Dollars on or before July 1, 1991; and Ten Thousand ($10,000.00) Dollars on or before January CT Page 425 1, 1992.
10. The defendant shall cooperate with the plaintiff so that she may have continued medical insurance coverage under his medical insurance policy through his employment pursuant to the provisions of 38-262d of the General Statutes, the same, however, to be at the plaintiff's expense.
11. The personal injury claim of the plaintiff and any proceeds thereof shall be wholly hers free of any claim or demand by the defendant. Any costs or expenses incurred in connection with the presentation of such claim shall be wholly the plaintiff's responsibility.
12. Any checks received by defendant by reason of reimbursement for medical claims of the plaintiff shall be endorsed over to the plaintiff and delivered to her immediately after receipt thereof.
13. The 1990 Toyota Corolla shall be wholly the plaintiff's free of any claim or demand by the defendant. She shall be wholly responsible for the outstanding loan upon that automobile.
14. The 1990 Toyota 4-Runner and the 1980 Honda Accord shall be wholly the defendant's free of any claim or demand by the plaintiff, and he shall be wholly responsible for the outstanding loan upon the 1990 Toyota 4-Runner.
15. The checking and savings accounts at Republic National Bank shall be the property of the defendant free of any claim or demand by the plaintiff.
16. The checking account at Connecticut National Bank shall be the property of the plaintiff free of any claim or demand by the defendant.
17. The plaintiff shall be responsible for the liabilities reported in her financial affidavit and shall indemnify and hold harmless the defendant from any claims or demands thereon.
18. The defendant shall be responsible for the liabilities reported in his financial affidavit, and he shall indemnify and hold harmless the plaintiff from any claims or demands thereon.
19. The defendant shall indemnify and hold harmless the plaintiff for any deficiency, interest or penalties as a result of any joint federal, state or city income tax CT Page 426 returns previously filed by the parties.
20. The membership in Brooklawn Country Club, to the extent it may be a property right, shall be the property of the defendant subject to the rules and regulations of the club. He shall be solely responsible for any fees or expenses connected therewith and shall indemnify and hold harmless the plaintiff from any claims or demands thereon.
21. Each party shall be responsible for his or her own attorney's fees.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE