[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on December 29, 1989 in Louisville, Kentucky. They commenced living together in June 1988 and on February 10, 1989 their child, Steven C. Kluth was born. At that time the plaintiff was a member of the U.S. Coast Guard stationed in New Haven and worked part time as a waitress in the Pizza Hut. She met the defendant at the Pizza Hut in March 1988. After the baby was born she requested permission to leave the Coast Guard a year before her enlistment was up and was granted that permission and honorably discharged from the service.
The plaintiff is 29 years of age and in good health. Her only employment, other than service in the Coast Guard, has been as a waitress. She worked at the Rusty Scupper as a hostess 35-40 hours per week from March 1990 to March 1991. Subsequently she worked at Lockery's as a waitress from July to October 31, 1991. Since that time she has been out of work and has looked for employment at more than sixty establishments. It has been stipulated by counsel for defendant that whatever she might earn would be substantially reduced by her child care expense. The plaintiff left school at 15 to get married. Her previous marriage ended in divorce when she was 22 years of age. She did subsequently receive her GED degree. The parties separated on or about October 31, 1991.
The defendant is 31 years of age and in good health. He is employed by the Town of East Haven as a laborer in the Parks and Recreation Department. He earns $590. per week and a net pay after deductions for taxes, pension and insurance of $420. per week. He is a high school graduate.
The marriage of the parties has broken down irretrievably. The defendant has found another woman and is living with her at the present time. The plaintiff does not wish the defendant to have visitation with the child in the presence of this individual. The child is in therapy and is seeing a counselor. The plaintiff claims that the child is confused over the role of the other woman, that he is an asthmatic and allergic to dogs and when he comes home from her house he is suffering from his asthma and an allergic reaction to the dog. Plaintiff also claims that CT Page 7357 Gail Aceto, the other women, is a drug abuser and that the defendant is an alcohol abuser. The court recommends that the defendant consult the child's therapist so that this issue may be resolved. In the best interest of the child pursuant to the provisions of 46b-56, the court shall order that the defendant's visitation with the child, at least at this time, be not in the presence of Gail Aceto.
In determining the proper orders in this case the court must consider the factors set forth in 46b-81, 46b-82, and 46b-84
of the General Statutes together with the Family Support Guidelines and the provisions of 46b-62 of the General Statutes. With respect to alimony, support and division of property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530 (1980); Watson v. Watson, 221 Conn. 698, 710 (1992).
The court has considered all of the criteria of 46b-81,46b-82, 46b-84, the Family Support Guidelines and the provision of 46b-62 of the General Statutes.
The court, in addition to the foregoing findings, finds as follows:
1. There is the requisite jurisdiction. CT Page 7358
2. The allegations of the complaint have been proved and are true.
3. There has been an irretrievable breakdown of the marriage.
4. The defendant is at fault for the breakdown of the marriage.
5. There is an arrearage owed to the State of Connecticut in the amount of $784.00.
6. There is an arrearage on the pendente lite orders of $975.00.
The court enters the following orders:
1. A decree of dissolution of the marriage of the parties shall enter on the grounds of irretrievable breakdown of the marriage.
2. Custody of the minor child, Steven C. Kluth shall be with the plaintiff.
3. The defendant shall have visitation with the child every other Saturday from 12:00 noon to 6:00 p. m. and reasonable visitation at such other times as both parties may agree upon at the defendant's mother's home. No alcoholic beverage shall be consumed immediately prior to or during the exercise of the defendant's visitation. The defendant's visitation shall not occur in the presence of Gail Aceto. The defendant is encouraged to participate in counselling with the child's therapist, Elaine Rubenstein.
4. The plaintiff shall not be permitted to move the residence of the child outside the State of Connecticut without giving the defendant sixty (60) days written notice of her intention so to do.
5. The defendant shall pay to the plaintiff the sum of Two Hundred ($200.00) dollars per week by way of unallocated alimony and support. Alimony shall terminate upon the first to occur of the following events: the death of either of the parties, the plaintiff's remarriage or September 1, 1996. At that time support shall then be paid by the defendant to the plaintiff in accordance with the Family Support Guidelines. If there is any dispute between the parties at that time as to the proper amount of support to be paid, they shall return to court for further orders. CT Page 7359
6. The defendant shall pay $5.00 per week to the State of Connecticut on the arrearage of $784.00.
7. The defendant shall pay $5.00 per week to the plaintiff on the pendente lite arrearage of $975.00.
8. An immediate order for wage withholding shall enter to secure the payments in paragraphs 5, 6 and 7 hereof.
9. The defendant shall maintain CMS, Blue Cross and major medical insurance, or their equivalent, for the benefit of the minor child, and each of the parties shall be responsible for one-half of the uninsured medical and dental expenses of the minor child including psychiatric, psychological, counseling, ophthalmological, nursing, prescription drugs and orthodonture expenses.
10. The defendant shall cooperate with the plaintiff so that she may have continued medical insurance coverage under his medical insurance policy pursuant to the provisions of 38a-538
of the General Statutes at her expense.
11. The plaintiff shall be responsible for the outstanding balance on the Visa account and shall indemnify and hold harmless the defendant from any claim or demand thereon. The defendant shall be responsible for the following indebtedness and shall indemnify and hold harmless the plaintiff from any claim or demand thereon: American Express Sign and Travel, American Express Gold, Household Finance, and Caldors. Those other liabilities listed on his financial affidavit: Connecticut National Bank-car loan, Credit Union, Internal Revenue Service, and Hospital bills shall also be his responsibility and he shall indemnify and hold harmless the plaintiff from any claims or demands thereon. Those other liabilities listed on the plaintiff's financial affidavit: Bacons, J.C. Penny, Superamerica, Texaco, Robert Seng, and Sears shall be her responsibility and she shall indemnify and hold harmless the defendant from any claims or demands thereon.
12. The plaintiff shall execute those papers necessary for the transfer of the registration and title to the 1986 Subaru automobile to the defendant so that that vehicle shall be solely his. The defendant shall be responsible for the outstanding indebtedness on this automobile and shall indemnify and hold harmless the plaintiff from any claim or demand thereon.
13. The plaintiff shall have as her property the 1989 Pontiac automobile and she shall be responsible for the outstanding indebtedness on this automobile and shall indemnify and hold harmless the defendant from any claim or demand thereon. CT Page 7360
14. The tangible personal property at 26 Oakley Street in New Haven shall be the plaintiff's free of any claim or demand by the defendant except for any personal effects or clothing belonging to the defendant that may be left at this location which he shall be allowed to remove at any time within thirty (30) days of this decree.
15. The defendant shall maintain such life insurance as is available through his employment naming the minor child as irrevocable beneficiary thereof so long as he is obligated to pay support. The defendant shall supply evidence of the, maintenance of such policy and the designation of beneficiary upon reasonable request and on or before February 1 of each year.
16. The defendant shall pay the sum of $1800 as a contribution toward the plaintiff's counsel fees which shall be paid to plaintiff's counsel on or before March 1, 1993 either by installments of $300. per month or whatever other amounts he may choose, or a lump sum on or before said date.
17. Each party shall own the life insurance policies on their respective lives, the defendant, however, to be governed by the provisions of paragraph 15 hereof.
18. Each party shall own the other assets listed upon her or his financial affidavit free of any claim or demand by the other party.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE