[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff husband against the defendant wife. The parties were married on July 12, 1992, in Trumbull, Connecticut. It is the second marriage for each of the parties. There are no children issue of the marriage.
The parties commenced living together in 1989. At that time, the plaintiff with his fourteen year old son moved into the house occupied by the defendant and owned by her parents. The defendant has and had two children of her prior marriage, a boy then age 7 now 14 and a girl then 3 now 10, who were living with the defendant.
In 1990, the parties purchased the family residence at 93 Strobel Road in Trumbull from the defendant's mother for $250,000. Defendant's mother took back a purchase money mortgage for $150,000 at 6% interest providing for payments of interest and principal of $1500 per month for thirteen and one half years. The parties also obtained a $100,000 first mortgage. The current balance on the first mortgage is $94,000 and the current balance on the second mortgage to defendant's mother is $108,000.
Based upon the agreed market value of $280,000, upon a sale of the property, the net equity of each of the parties after a brokerage commission, attorneys' fees upon the sale and expenses of closing would approximate $29,000. The net equity of $39,000 shown by each of the parties in their financial affidavits does not reflect selling expenses or a brokerage commission which would be incurred upon a sale of the premises.
At the time of the parties' marriage, the plaintiff owned a retail store at the Trumbull Shopping Mall known as Allen's Luggage Gifts. This is a sole proprietorship which the plaintiff valued at $75,000. The Trumbull store was subsequently closed and there are now two locations, one in Milford at Connecticut Post Mall and one in Manchester. The value of this business has not changed and continues at $75,000. In addition, the plaintiff carries on a business in a barn on the property known as West Company which he values at $5,000. This is a partnership, the other partner residing in New Hampshire. This business is a manufacturing and wholesale business which was purchased in 1993 for $2,000, does not yet derive income, but it is hoped will someday permit the plaintiff to retire from his gift and luggage business. CT Page 9106
The defendant is self-employed and operates her sole proprietorship, Sunshine Garden Services, from the family home. The defendant has developed extensive gardens upon the property and grows day lilies which she sells in July realizing $3,000 from their sale. (See defendant's exhibit 6 for pictures of defendant's gardens.)
The plaintiff is fifty-three years of age and in good health. He is a high school graduate and the father of three children. His youngest son is now 21 years of age and works with the plaintiff in the Manchester store. His daughter and another son reside in California. His financial contribution of payment of the first mortgage and payment of $1100 toward the second mortgage has permitted the parties to carry the family residence. The defendant's contribution has been $400 toward her mother's second mortgage and payment of the utilities.
The defendant is forty-four years of age and in good health. She attended Sacred Heart University for one year. In her business, she maintains gardens of others and constructs gardens. She charges $20.00 per hour or $150 per day. She is able to work four days per week on average, depending upon the weather. Her slow period is traditionally Christmas until March, although because of the large amount of rain this past year, she was unable to begin work until the end of April. During June, July and August, she employs others in her business. She uses her own gardens for starter plants and, as already noted, for her day lilies.
The defendant has lived at 93 Strobel Road in Trumbull for 23 years. Her children have known only this property as home. The property consists of five acres of land and is located across from Trumbull High School. There is a barn upon the property which permits the defendant to store her tractor and other equipment necessary in her business. She says that her gardens will have national display status.
It is the disposition of the property that is the real issue of disagreement between the parties. The plaintiff wishes the property sold so that he may have his share of the proceeds of sale to establish a new residence and be free of his responsibility on the two mortgages to restore his credit worthiness. The defendant argues that her business depends entirely upon her continuing to carry on her business at this CT Page 9107 location and that she has sixteen years of reputation working in this area.
The marriage has broken down irretrievably. It really helps little to set forth the claims of each of the parties on the cause for the irretrievable breakdown. Suffice to say that each of the parties contributed to the breakdown of the marriage.
It should be noted that while there is an outstanding order for the defendant's former husband to pay $50.00 per week by way of support for the minor children, he has not paid anything since April, 1990. There is currently an outstanding arrearage of $15,000. The defendant states that her ex husband moved to southern California in April, 1990, and she does not know his address. She should take steps to locate him and seek enforcement of the orders for support.
In determining the proper orders in this case, the court must consider the factors set forth in § 46b-81 and § 46b-82
of the General Statutes. With respect to alimony and a division of property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes § 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42
(1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530
(1980).
The court, in addition to the foregoing findings, finds as CT Page 9108 follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint and the cross complaint have been admitted by the parties to be true and they have been proved.
3. There has been an irretrievable breakdown of the marriage.
4. Both parties are equally at fault for the breakdown of the marriage.
The court enters the following orders:
1. A decree of dissolution of marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. The plaintiff shall pay to the defendant the sum of $1500 per month by way of alimony until the earliest to occur of the following events: the death of either of the parties, the defendant's remarriage, the sale of the residence at 93 Strobel Road, Trumbull, Connecticut, the defendant's cohabitation as defined by § 46b-86(b) of the General Statutes, or four years from the date hereof, said payment to commence December 1, 1996.
3. The plaintiff shall convey all of his right, title and interest in and to the real property at 93 Strobel Road in Trumbull, Connecticut, to the defendant on February 28, 1997, or such earlier date as the defendant may designate. The defendant shall have until February 28, 1997, to arrange for the payment to the plaintiff of the sum of Twenty-nine Thousand ($29,000) Dollars for the plaintiff's interest in said property. Upon payment of said sum by the defendant to the plaintiff, the plaintiff shall convey all of his right, title and interest in said property as aforesaid by quitclaim deed. Until such conveyance, the defendant shall pay all expenses connected with said property including the first and second mortgages, homeowners insurance and property taxes. Upon said conveyance by the plaintiff, the defendant shall be wholly responsible for the first mortgage and shall indemnify and hold harmless the plaintiff from any claim or demand thereon. The defendant shall also provide the plaintiff with a release of the second mortgage upon his conveyance of CT Page 9109 title.
4. In the event the defendant is unable to make the payment to the plaintiff as provided in paragraph 3 hereof, or is unable to make payments on the first mortgage for a successive period of three (3) months, the property at 93 Strobel Road in Trumbull shall be immediately listed for sale. The parties shall agree upon the listing price and, if they are unable to agree, each shall choose an appraiser and the appraisers shall choose a third appraiser who shall set the listing price. The cost for the third appraiser shall be shared equally by the parties. The listing price shall be reviewed every thirty (30) days using the same procedure as set forth in this paragraph. Any offer to purchase within three (3%) percent of the listing price shall be accepted by the parties. The procedure set forth herein shall be followed only if the defendant is unable to make the payment as provided in paragraph 3 hereof. If the property is being listed for sale because the defendant has been unable to make the payments on the first mortgage, the listing price and acceptance of any offer shall be entirely her decision and the net proceeds of the sale shall be wholly the defendant's. In the event the property is listed for sale because the defendant is unable to purchase the plaintiff's interest in the property as provided in paragraph 3 hereof, then upon the sale of the property, after payment of the balance of the first and second mortgages, the brokerage commission, the usual expenses of sale including closing adjustments and attorney's fees for preparation of the deed, mortgage, releases and attendance at the closing, the proceeds shall be divided equally between the parties.
5. The defendant shall have exclusive possession of the marital residence commencing thirty (30) days from the date hereof, however, the plaintiff may operate West Co. from the barn on the premises until the earliest to occur of the following events: the closing for the sale of the property or March 1, 1997, if the defendant exercises her right of purchase as provided in paragraph 3 hereof. Such use by the plaintiff shall be without any charge including the plaintiff's use of electricity. CT Page 9110
6. If the property is to be sold, any major expenses for repairs of more than $250 in connection with the marital residence shall be shared equally by the parties. The plaintiff's consent shall be obtained for any major repair.
7. The parties shall divide personal property by agreement. In the event they cannot agree, the matter shall be referred to Family Relations. The tractor shall be the defendant's property together with all other property which is necessary in her business.
8. Each party shall keep his or her own vehicle and shall be responsible for all payments in connection with that vehicle.
9. Each party shall keep his or her own bank accounts.
10. The defendant shall retain all her interest in her business, Sunshine Garden Services, free from any claim by the plaintiff.
11. The plaintiff shall retain all his interest in his business, Allen's Luggage Gifts, free from any claim by the defendant.
12. The plaintiff shall retain all his interest in the partnership known as West Co., free from any claim by the defendant.
13. The plaintiff shall have no responsibility for payment of any claimed arrearage of $3500 to the defendant.
14. The plaintiff shall maintain the Indianapolis Life Insurance Company life insurance policy in the amount of $50,000 naming the defendant as irrevocable first beneficiary thereof for so long as he is obligated to pay alimony to the defendant.
15. The plaintiff shall retain his IRA account free of any claim or demand by the defendant.
16. The parties shall be responsible for the liabilities in his or her name as listed in each parties' financial affidavit.
17. The defendant shall be eligible for COBRA coverage at her expense. CT Page 9111
18. The plaintiff shall pay the premium to maintain health insurance for the defendant's two minor children under the present coverage for eighteen (18) months or until the children's father commences maintaining medical coverage, whichever is earlier.
19. Each party shall pay his or her own attorney's fees.
20. The defendant shall resume her maiden name of Lynn E. O'Donnell and shall hereafter be known by that name.
Orders shall enter in accordance with the foregoing. Plaintiff's counsel shall prepare the judgment file.
EDGAR W. BASSICK, III, JUDGE