[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on June 2, 1973 in Branford, Connecticut. There are three children, issue of the marriage; Jennifer, age 11, Heather, age 9 and Caitlin, age 6. This action was commenced on May 18, 1990. The parties ceased living together in September 1990.
Each of the parties is forty-one years of age. Both are in good health. The husband is a college graduate. The wife has had two years of college and is employed by a dentist in Branford as a dental hygienist. She works 3 1/2 days per week. The defendant is a sales manager for Baxter Health Care and has been so employed for twelve years. He has been sales manager of the northeastern region since 1987. As northeastern sales manager for the General Health Care Division, he has to travel extensively. His compensation includes a base salary, commissions and bonuses if the company's performance plan is exceeded. A year end bonus of $11,000 net was received by the defendant in January 1991 for the year 1990. This was the first time a year end bonus was paid. He has also received bonuses of $1,200 net for the first and second quarters of 1991, when his performance exceeded the company's performance plan. However, for the third quarter of 1991 the defendant received no bonus because he did not achieve sales in excess of the company's performance plan for that quarter and he does not anticipate a bonus for the fourth quarter. He believes CT Page 10123 that his assigned region is narrowing and that the general economic conditions in this region are poor. One of the major issues between the parties is whether to base the defendant's income on 1990 and the first six months of 1991 or to base his income on the past thirteen weeks.
The same question is raised as to the plaintiff's income. Her income is based entirely on commissions. She has no benefits, i.e. medical insurance or pension benefits, and is currently working 3 1/2 days per week. Earlier in the year she had worked 2 1/2 days per week and had "fill-in" time for the other hygienists in her office while they were on vacation. Therefore, her income for the year to date on a weekly basis is different than her income is computing a thirteen week average. In any event, there is no additional time available to her in her doctor's office beyond her current 3 1/2 days. The plaintiff has worked in this position ever since her marriage, taking time out from work for six months after Jennifer, the parties' oldest child was born. The court has arrived at its decision based upon the parties' current financial circumstances. PB 463, Cuneo v. Cuneo, 12 Conn. App. 702, 709
(1987). As has been said by our Supreme Court in the case of Rubin v. Rubin, 204 Conn. 224, at age 236 (1987), "Our modification statute reflects the legislative judgment that continuing alimony should be based on current conditions."
The court bases its orders for support upon a net income of each of the parties in accordance with the family support guidelines starting with a gross weekly income for the defendant of $1,303, and a gross weekly income for the plaintiff of $477. The court computes net income for guideline purposes (subtracting estimated cost for health insurance premiums of $41 per week and day care cost of $59 per week) for the plaintiff in an amount of $286. The court computes the defendant's net income for guideline purposes in an amount of $900.
The marriage between the parties has broken down irretrievably. While the defendant, at first, did not understand the plaintiff's position with regard to the breakdown, he does so now and agrees that the marriage has broken down irretrievably. The plaintiff testified that the beginning of the breakdown occurred in 1985 when she revealed that she was pregnant with their youngest child and the defendant urged she consider an abortion because of financial circumstances. The relationship continued thereafter to decline because the defendant was unhappy with the way the plaintiff ran the household, was never happy with anything she did, criticized her as incompetent and disorganized and on Easter Sunday 1990 struck her in the chest and pulled her hair. Based upon the evidence, the court finds that the defendant was at fault for the breakdown of the marriage. The defendant is now living with a female companion whom he has indicated he CT Page 10124 intends to marry. This relationship developed after the separation of the parties in September 1990.
The issues for the court to decide are as follows:
1. Alimony
2. Support for the minor children
3. An issue of summer visitation
4. Property division
With regard to property division, the court finds that the plaintiff has performed the primary homemaking activities and primary caretaking responsibilities. In the recent case of Blake v. Blake, 107 Conn. 217 at 230 (1988), our Supreme Court cited with approval the language of O'Neill v. O'Neill, 13 Conn. App. 300
at 311 (1988), in which our Appellate Court stated as follows:
 A property division ought to accord value to those nonmonetary contributions of one spouse which enable the other spouse to devote substantial effort to paid employment which, in turn, enables the family to acquire tangible marital assets. The investment of human capital in homemaking has worth and should be evaluated in a property division incident to a dissolution of marriage. We hold, accordingly, that an equitable distribution of property should take into consideration the plaintiff's contributions to the marriage, including homemaking activities and primary caretaking responsibilities.
With regard to the issue of summer visitation, the court must consider the best interests of the children pursuant to the provisions of 46b-56 of the General Statutes. The children have had fun with their father on his boat. The additional time he is requesting with the children is during the summer. This can be quality time for the defendant and the court believes that three weeks time rather than two or four weeks time will not interfere with other plans in the children's best interest, at least at the present time.
With respect to alimony, support and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; CT Page 10125 Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42
(1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530 (1980).
The court has considered all of the criteria of 46b-81,46b-82 and 46b-84 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366, 368 (1981), the court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman,188 Conn. 232, 234 (1982). Suffice it to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo,197 Conn. 1, 5 (1985), and that the court need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307, 313-14 (1991).
The court, in addition to the foregoing findings, finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. There has been an irretrievable breakdown of the marriage.
4. The defendant is at fault for the breakdown of the marriage.
The court enters the following orders:
1. A decree of dissolution of the parties' marriage shall enter.
2. The parties shall have joint legal custody of the three (3) CT Page 10126 minor children; primary residence with the plaintiff. If the parties are unable to reach agreement after a good faith effort to discuss and resolve any issue involving the children's health, education and general welfare, the plaintiff shall have the final decision-making authority. The defendant shall have the following visitation:
a. On alternating weeks from Thursday after school until Sunday at 7:30 p.m.
b. On intervening weeks Thursday from after school until, 8:00 p.m.
c. Either the February or April school vacation each year.
d. Three weeks during the summer. The defendant should advise the plaintiff as to what three weeks he would like prior to June 1st of each year.
e. Christmas Day at 12:00 noon until December 30th at 7:30 p.m.
f. Father's Day and Mother's Day should be spent with the appropriate parent. The following holidays should be shared on a mutually agreeable basis or in the absence of an agreement, alternated: Easter, Memorial Day, July 4th, Labor Day, and Thanksgiving. Holiday arrangements supersede the regular weekly schedule.
g. The defendant shall be entitled to compensatory time for missed visitation due to work demands, provided he notifies the plaintiff at least one week in advance of when he will not be able to see the children.
h. Additional visitation shall be arranged at all other mutually agreeable times.
The children shall be allowed liberal telephone contact with each parent while in the care of the other.
3. The defendant shall pay Three Hundred and Sixty ($360.00) Dollars per week in child support for the three (3) minor children ($120.00 per week per child). An immediate order for wage withholding shall enter to secure this order.
4. The defendant shall pay alimony to the plaintiff in the amount of One Hundred ($100.00) Dollars per week. Alimony shall terminate upon the first occurrence of the following events:
a. The death of either of the parties; CT Page 10127 b. The plaintiff's remarriage; c. Upon the youngest child reaching age 18.
Alimony shall be subject to the provisions of 46b-86 (b) of the General Statutes. An immediate order for wage withholding shall enter to secure this order.
5. The defendant shall transfer to the plaintiff all of his right, title and interest in and to the property and contents at 116 Country Way, Madison, Connecticut. The plaintiff shall assume liability for the mortgage and shall indemnify and hold the defendant harmless from all claims or demands thereon.
6. The plaintiff shall execute a Promissory Note to the defendant in the amount of Fifteen Thousand ($15,000.00) Dollars, which sum shall become due and payable without interest upon the first occurrence of the following events:
 a. The plaintiff's death; b. Within one (1) year of the plaintiff's remarriage; c. Upon the sale of the real estate at 116 Country Way, Madison, Connecticut; d. Within five (5) years of the date hereof.
Said promissory note shall be secured by a second mortgage in usual Connecticut form in the amount of Fifteen Thousand ($15,000.00) Dollars.
7. The defendant shall transfer his right, title and interest in and to the 1984 Oldsmobile Cutlass automobile to the plaintiff.
8. The plaintiff shall waive all right, title and interest in the Baxter Stocks, 1987 Bayliner boat, and the Baxter Incentive Plan, and this property shall be wholly the defendant's free of any claim or demand by the plaintiff. The defendant shall assume liability for the note on the Bayliner boat and shall indemnify and hold the plaintiff harmless from all claims or demands thereon.
9. The defendant shall provide comprehensive group health insurance for the minor children as available through his employment, and the parties shall share equally the cost of any uninsured or unreimbursed medical, dental, psychotherapeutic, ophthalmological, nursing, orthodontic and prescription and pharmaceutical expenses of the minor children.
10. The following property is confirmed as the separate property of the plaintiff: CT Page 10128
 a. The contents of the Madison home; b. The 1984 Oldsmobile Cutlass Wagon; and c. Any accounts of the plaintiff standing in her name alone.
11. The following is confirmed as the sole property of the defendant:
 a. The incentive investment plan of Baxter International, Inc.,; b. Baxter stock; and c. Any accounts standing in the defendant's name alone.
12. Each party shall be responsible for the debts standing in the name of each. The defendant shall be responsible and shall pay the following:
 a. The debt to Grace Weiss of $17,000.00; b. The debt to the IRS of $1,715.00 plus interest and penalties; and c. The $175.00 bill to Howard Livorzani, C.P.A.
13. Each party shall be responsible for his/her own attorney fees.
14. The defendant shall be entitled to claim Jennifer, Kaitlan, and Heather as exemptions on his income tax return, beginning with the 1991 tax year.
15. The defendant shall maintain his current life insurance policies in the amount of Eighty-Five Thousand ($85,000.00) Dollars, or provide for equivalent coverage, naming the minor children as the irrevocable beneficiaries of such policies during the minority of each child.
16. The defendant shall cooperate with the plaintiff so that she may have continued coverage under his medical insurance plan pursuant to the provisions of 38a-538 of the General Statutes at her expense.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE