[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on September 17, 1960 in Hamden, Connecticut. At the time of their marriage the plaintiff was 23 years of age and the defendant 24 years of age, she with two years of Larsen College (now Quinnipiac) and he with a bachelor of arts degree from Columbia. Both parties were employed and neither had any substantial assets. They purchased a bungalow in Hamden prior to their marriage for $12,000.00 with $2,000.00 provided by the plaintiff's parents and an FHA mortgage for $10,000.00. They lived there for six years and then purchased their present home at 30 Green Hill Road in New Haven.
There have been two children born of the parties' marriage, Lynn, who is recently married and 27 years of age, and James, 24 Years of age. CT Page 10503
At the time of the purchase of the real property at 30 Green Hill Road in 1966, the purchase price was $26,500.00. The bungalow was sold for $17,000.00. The Green Hill Road property was purchased with the net proceeds of the sale of the bungalow plus the proceeds of a Connecticut Bank mortgage for $15,000.00. In 1978 the parties purchased a building lot for $26,500.00 with money inherited from the plaintiff's mother. This was sold in 1986 for $85,000.00. The profit on the sale of this property plus refinancing of the mortgage on Green Hill Road permitted the purchase of their Florida condominium for $150,000.00. The defendant provided the $10,000.00-$12,000.00 difference from savings.
In the mid 70's the defendant became involved in an extramarital affair which lasted on an intermittent basis for thirteen years. This relationship terminated in 1987. In 1988 this activity on the defendant's part became known to the plaintiff. When asked, the defendant at first denied his involvement and then subsequently admitted the relationship. The revelation of this relationship has been devastating to the plaintiff. The defendant has expressed remorse for his activities, has apologized and has professed his love for the plaintiff. He has not desired the dissolution of the marriage. The plaintiff has been ambivalent, has been in counseling, but believes that proceeding with this action will "wipe the slate clean." Additionally, there has been evidence of physical abuse during the course of the marriage. The defendant has been described as a person having a temper, and the parties' daughter has described instances when the defendant's temper has manifested itself in physical abuse.
The parties disagree on the present value of the 30 Green Hill Road, North Haven residence. The defendant in his financial affidavit values it at $180,000.00. The plaintiff's appraiser has valued the property at $145,000.00. The plaintiff, herself, values the property at $147,500.00. The court finds a value of $145,000.00 and a net equity of $80,000.00.
In addition to the $26,500.00 gifted by her mother for the purchase of the building lot, the plaintiff has inherited or received gifts of money from her parents in an amount of $40,000.00 to $60,000.00 and has given that money to the children. The plaintiff may also still own lots 290, 291, 292 and 300 of West Haven Gardens in West Haven (see defendant's exhibit 2). Seven lots of the total of eleven lots given to her by her father were sold in 1982 for a price indicated by a purchase money mortgage of $22,000.00.
The defendant is currently employed as the President of CT Page 10504 Cramer Company, a division of The Owosso Group, located in Old Saybrook. He earns an annual salary of $120,000.00 and has the use of a company car which use for tax purposes is valued at $5,300.00 per year. His contract with Cramer Company also calls for a bonus of 4% of operating profit. (see plaintiff's exhibit E). However, in the last two years there has been no operating profit and no bonus. Fiscal year 1991 terminated October 31. The defendant will not know whether there will be a bonus for that year until the end of this month.
The defendant has been President of Cramer since November 1, 1989. Prior to that he had worked for Unimax, leaving that company as Vice President of sales and marketing. The $178,000.00 in IRA's resulted during that employment — of that amount $175,000.00 accrued during the marriage.
The plaintiff graduated from Larsen College with an associate's degree as a medical secretary. She was trained in shorthand and typing, and worked for 2 1/2 years prior to the marriage. Except for her selling Avon products on a part-time basis for a short period of time, working as a receptionist in condominium sales and as a receptionist in Spa Lady in 1983-84 or 1984-85, the plaintiff has not been employed since the date of the marriage. She is, therefore, not currently skilled. At present, she is too distraught to hold any paid position. Such work as she may subsequently be able to do, unless it be with further training, would have to be at an entry level.
Based upon the evidence the court has no alternative but to find that the marriage of the parties has broken down irretrievably. However, one cannot help but note that the plaintiff commenced this action on January 17, 1990. On February 28, 1990, the court granted the plaintiff's motion for exclusive possession of the family home and ordered the defendant to vacate by March 19, 1990. Since then the defendant has been residing in Meriden in the Days Inn. Notwithstanding the foregoing, the plaintiff has telephoned the defendant almost daily; traveled to Hilton Head with the defendant in October 1990, and then on to Florida, to Germany in November 1990 for approximately 9 or 10 days; asked him to come back home in February 1991; traveled to Florida in May 1991, and then to Las Vegas, traveled to Italy in May 1991 for ten days and to Arizona in October 1991. The parties continued to have marital relations during this period and, in addition, the plaintiff went for rides this fall with the defendant on his new Harley Davidson motorcycle. If it were not that the parties agree that the marriage is broken down, query whether a decree of dissolution on the basis of irretrievable breakdown should enter?
With respect to alimony, support and a division of the CT Page 10505 property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530 (1980).
The court has considered all of the criteria of 46b-81,46b-82 and 46b-62 of the General. Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366, 368, the court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman,188 Conn. 232, 234 (1982). Suffice it to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo,197 Conn. 1, 5 (1985), and that the court need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307, 313-14 (1991). In addition to the findings noted above, the court finds as follows:
1. There is the requisite jurisdiction.
 2. The allegations of the complaint have been proved and are true.
 3. There has been an irretrievable breakdown of the marriage.
CT Page 10506
 4. The defendant is at fault for the breakdown of the marriage.
The following orders shall enter:
1. The marriage of the parties is dissolved on the grounds of irretrievable breakdown of the marriage.
2. The defendant shall transfer to the plaintiff all of his right, title and interest in and to the real estate located at 30 Green Hill Road, North Haven, Connecticut and the property located at 6300 Midnight Pass Road, Sarasota, Florida. The plaintiff shall be responsible for all expenses of ownership of said properties and shall indemnify and hold harmless the defendant for the first mortgage upon the 30 Green Hill Road, North Haven, Connecticut property.
3. The 1985 BMW used by the plaintiff shall be wholly hers free of any claim or demand by the defendant.
4. The plaintiff is ordered to endorse and deliver to the defendant the Internal Revenue Service refund check on the joint 1990 tax return in the total sum of $4,263.00 forthwith.
5. The defendant shall cooperate with the plaintiff so that she may have continued coverage under his employer's group medical insurance plan presently in existence for such time period as permitted by state or federal law, such continued coverage, however, to be at the plaintiff's expense.
6. The defendant shall pay alimony to the plaintiff in the sum of $850.00 per week. Alimony shall terminate upon the earliest to occur of the following events:
a. the death of either of the parties.
b. the remarriage of the plaintiff.
The alimony payments shall be subject to the provisions of46b-86 (b) of the General Statutes.
7. The defendant shall name the plaintiff as irrevocable beneficiary of all life insurance provided by his employer for so long as the defendant is obligated to pay alimony. Proof of the beneficiary designation shall be furnished to the plaintiff within sixty days after the entry of the decree and annually thereafter.
8. The defendant shall be permitted to retain as his sole property his various automobiles and motorcycle, his savings account and CT Page 10507 certificate of deposit, his one-thousand nine-hundred and twenty shares of Dover Corporation stock, his $178,000.00 I.R.A. Account, his Cramer Company Money Purchase Plan and the cash value of his insurance policies.
9. The plaintiff shall be permitted to retain as her sole property her personal checking account, her $4,000.00 Barnett Bank Account in Florida, her $3,200.00 I.R.A., her one-half interest in the Sarasota, Florida time share which she owns jointly with her daughter, and the cash value of her insurance policies.
10. Each party shall pay her or his own debts and obligations as disclosed on their respective financial affidavits.
11. The defendant shall disclose to the plaintiff in writing the amount of any bonus declared by his employer or received by him immediately upon his receipt of such notification or payment of such bonus.
12, The tangible personal property including furniture, furnishings and household goods and effects at 30 Green Hill Road in North Haven, Connecticut and at 6300 Midnight Pass Road, Sarasota, Florida shall be the property of the plaintiff except for those items listed in Schedule A of the defendant's Claim for Relief dated November 21, 1991, which property shall be the defendant's free of any claim or demand by the defendant.
13. The defendant shall contribute $10,000.00 toward the plaintiff's counsel fees, such payment to be made within sixty days of the date hereof.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE