[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on April 22, 1989 in Bridgeport, Connecticut. There is one child issue of the marriage, Vanessa Verissimo, born October 10, 1987. The parties separated in May, 1991 when the plaintiff and the child left the family home at 89 Daniel Drive in Bridgeport and went to live with the plaintiff's parents. CT Page 9216
The plaintiff is 24 years of age and in good health. The defendant is 25 years of age and also in good health. The plaintiff ran away from home at the age 17 with the defendant and moved to Florida where they lived together until their return to Bridgeport at the time of their marriage.
This matter was assigned for trial on September 25, 1992. It had previously been assigned for trial in July, 1992 but had been continued at the request of defendant's counsel. The defendant did not appear for the trial, but counsel was present on his behalf. The evidence in this matter consisted entirely of the plaintiff's testimony and the exhibits. The issues are assignment of property pursuant to 46b-81 of the General Statutes and support. Support is an issue because of disagreement on the defendant's earnings and whether he should be obligated to pay the minor child's tuition at St. Raphael's school amounting to roughly $30.00 per week.
While this has been a short marriage, it has been a difficult one for the plaintiff. The plaintiff testified that before the marriage and while they were living together the defendant punched her and knocked her out and that he hit her on two different occasions when she wanted to return to Connecticut to see her parents. She describes the situation as worse after the marriage, the defendant treating her as if he owned her and as his slave. She described him as having a violent temper.
In May, 1991, when the plaintiff left the house, there was a violent argument. On that occasion, the defendant grabbed a kitchen knife and threatened to slit the plaintiff's throat. In the scuffle that ensued, the plaintiff's arm was cut. The plaintiff's mother and father were summoned and took the plaintiff and the child to their home. Upon return to the house two weeks later, the plaintiff found holes in the walls, the carpets ripped, the curtains pulled down and "everything destroyed." It was at that point that she removed her furniture so that it, also, would not be destroyed.
During all of the time that the parties were together, except for the time when the baby was born, the plaintiff worked two jobs. She presently works for the Madison Portuguese Bakery and part time for 3030 Park Avenue, Inc. as a waitress. When she was seventeen, she worked at Chaves Bakery and 3030 Park Avenue. She started work at 15, working in the bakery at CT Page 9217 Waldbaum's and part time work in a bank. The defendant took her paychecks every week and gave her $20.00 for gas and $80.00 for groceries.
In December, 1988 they purchased a house at 89 Daniel Drive in Bridgeport for $135,000.00. At the time of purchase, they put $32,000.00 down and obtained a mortgage for $103,000.00 from the Dime Real Estate Services (see Exhibits B and C). The defendant was ordered to pay the household bills and mortgage and to bring the mortgage up-to-date (see transcript, page 3, of proceedings on July 25, 1991). The defendant failed to do so and this property has been lost by foreclosure. The plaintiff seeks recovery of her one half of the down payment and costs of closing or $17,500.00.
Immediately after the fight in May, 1991, the defendant withdrew $50,000.00 from a joint savings account of the parties. The defendant testified at the pendente lite proceeding that he had gambled away the $50,000.00 in Atlantic City. In January of this year the defendant paid the plaintiff $15,000.00 with a check from Grasso Paving, the defendant's employer, such payment intended to be applied toward the plaintiff's half of this account. Plaintiff seeks recovery of the remaining portion of her half or $10,000.00.
The payroll records of Grasso Paving Landscaping, Inc. for the defendant for the period April 20, 1992 to August 18, 1992 are in evidence as Exhibit A. Computing the defendant's gross earnings for the last thirteen week period, the defendant's average weekly pay was $498.17. At the time of the pendente lite hearings, his gross weekly wage was reported in his financial affidavit at $557.54.
The defendant has introduced a pay stub showing gross earnings for 1992 to August 25th of $9,303.00. Traditionally, there are two months a year when the employees are laid off and receive unemployment compensation. (See plaintiff's Exhibit A, February and March, 1991 no earnings.)
The court finds that the defendant has an earning capacity for a gross weekly wage of $500.00 with a net of $360.00 per week. In computing this figure the court has allowed $75.00 for federal tax withholding, $35.00 for Social Security and Medicare, $15.00 for State of Connecticut withholding and $14.00 for the union deduction. Based upon the CT Page 9218 foregoing, the court finds an appropriate order for support for the minor child to be $100.00 per week.
As previously noted, the plaintiff seeks an order that the defendant pay one half of the child's tuition at St. Raphael's School. The court considers the same to be in the best interest of the child and shall enter orders that the defendant pay $115.00 per week by way of total support continuing the current order for wage withholding.
The defendant is a member of the Connecticut Laborer's Union and has pension benefits and an interest in an annuity fund. The plaintiff testified the annuity fund is in an amount of $12,000.00.
In determining the proper orders in this case the court must consider the factors set forth in 46b-81, 46b-82
and 46b-84 of the General Statutes together with the provisions of 46b-62 and the child support guidelines. With respect to alimony, support and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970). `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' [Citation omitted.] Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, [citation omitted], no single criterion is preferred over all the others. In weighing the factors in a given case the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations the financial circumstances, both actual and CT Page 9219 potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530
(1980); Watson v. Watson, 221 Conn. 698, 710
(1992).
Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr,183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232, 234 (1982). Suffice to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5 (1985), and that the court need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307,313-14 (1991).
The court, in addition to the foregoing findings, finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. There has been an irretrievable breakdown of the marriage.
4. The defendant is at fault for the breakdown of the marriage.
The court enters the following orders:
1. A decree of dissolution of the marriage of the parties shall enter on the grounds of irretrievable breakdown of the marriage.
2. The plaintiff shall have sole legal custody of the minor child.
3. The defendant shall have supervised visitation with the minor child as agreed upon between the parties, the supervisor to be a member of the family. When supervision is no longer necessary, the defendant shall have reasonable CT Page 9220 rights of visitation upon reasonable notice. In the event of any disputes or differences between the parties with respect to visitation, they are referred to Family Relations for resolution of such disputes or differences and the return to court for further orders if necessary.
4. The defendant shall pay the plaintiff One Hundred Fifteen ($115.00) Dollars per week as child support, which sum represents the guideline support plus one half of the school tuition. An immediate order for wage withholding shall enter to secure the order for support.
5. The defendant shall pay to the plaintiff the sum of One ($1.00) Dollar per year alimony.
6. The defendant shall pay to the plaintiff lump sum alimony in the amount of Twenty-seven Thousand Five Hundred ($27,500.00) Dollars payable at the rate of One Hundred ($100.00) Dollars per week until paid in full.
7. The defendant shall convey to the plaintiff by a Qualified Domestic Relations Order (QDRO) one half of his interest in the Connecticut Laborers' Annuity Fund as of the date hereof. Defendant's counsel shall prepare the Qualified Domestic Relations Order and submit the same to the court for signing.
8. The defendant shall retain any interest he may have in the Connecticut Laborers' Pension Fund free from any claim or demand by the plaintiff.
9. The defendant shall maintain such medical and hospital insurance plan as he has through his employment or any union plan for the benefit of the minor daughter. The plaintiff shall have the benefit of the provisions of 46b-84(c) of the General Statutes. Any uninsured or unreimbursed medical or dental expenses incurred for the minor child shall be shared equally by the parties.
10. Each party shall retain any and all tangible personal property in her or his possession free of any claim or demand of the other party.
11. The plaintiff shall be responsible for those liabilities shown on her financial affidavit and shall indemnify and CT Page 9221 hold harmless the defendant from any claim or demand thereon.
12. The defendant shall be responsible for any deficiency owed to People's Bank upon the mortgage upon the real property at 89 Daniel Drive and for such other liabilities as he has incurred and shall indemnify and hold harmless the plaintiff from any claim or demand thereon.
13. Each party shall retain such other personal property including motor vehicles, savings, stocks, bonds or mutual funds in her or his name free from any claim or demand of the other party.
14. The defendant shall maintain such life insurance as he has available from any employment or any union plan naming the child as irrevocable first beneficiary thereof for so long as he is obligated to pay support and shall provide evidence thereof within thirty (30) days from the date hereof.
15. The defendant shall pay counsel fees in the amount of Five Thousand ($5,000.00) Dollars to be paid to plaintiff's counsel within one hundred twenty (120) days from the date hereof.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE