[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage on the grounds of irretrievable breakdown brought by the plaintiff wife against the defendant husband. The action was commenced on May 22, 1994. The defendant has filed a cross-complaint in two counts claiming irretrievable breakdown of the marriage and adultery on the part of the plaintiff.
The parties were married on January 31, 1970 in Monroe, Connecticut. Two children have been born of the marriage. The parties separated in January, 1994, the plaintiff now living with Tracy Shirley, a SNET coworker, in her condominium in Bridgeport. The plaintiff is employed by SNET as an installer and repairman for whom he has worked for twenty-two years. The defendant is employed as a receptionist and bookkeeper for Universal Thread Grinding Company in Fairfield.
The plaintiff is 46 years of age. His health is good, but he does have a deteriorating eye condition called Best disease which is causing a slow loss of sight over the years. This is not a serious problem for him at the present time. CT Page 9344
The defendant is 50 years of age. Her health is also good although she was operated for a brain tumor in 1963 and is on cortisone medication for the rest of her life. She attended Fisher Junior College in Boston for two years and received a secretarial degree.
While the parties have presented evidence of their work histories, their purchase of houses in Westfield, Monroe and Newtown, Connecticut, it really serves no useful purpose to relate that history in this memorandum. Suffice to say that the real difficulty between the parties in this case is the division of their property. In 1984 they invested the proceeds from the sale of their house in Newtown in the amount of $50,900 together with a bank loan in the amount of $9,000 into the defendant's mother's home at Fairfield Beach by constructing a separate apartment on the second floor of that home and a two car garage with an apartment over. In addition, the plaintiff performed a great deal of his physical labor so contributed substantial "sweat equity" in repairs and improvements to this property. The plaintiff testified he considered it a contribution to the parties' future. In apparent recognition of this contribution, the defendant's mother deeded a thirty percent interest in the property to the defendant. After the separation of the parties in January, 1994, the defendant's mother changed the title conveying to her daughter a joint ownership with right of survivorship. The plaintiff claims an equitable interest in this property. The parties are also in dispute as to the amount of alimony to be paid by the plaintiff to the defendant.
The cause of the breakdown of the marriage is the adultery of the plaintiff. While the plaintiff seeks to justify his seeking solace with Tracy Shirley and has testified that there was a drawing away by the defendant, the court does not find this to be true. While it is true that the plaintiff suffered severe depression in December, 1993 and January, 1994, this depression occurred primarily as a result of his failure to be selected for the job with ATT and his feeling that he had had enough with the repairs and the work required of him in maintaining the Fairfield Beach property. While he testified that any intimate relationship between the defendant and him ceased in March, 1993, the defendant testified that such intimate relationship continued until their separation in January, 1994. It was in August, 1993, that he was adulterous with Ms. Shirley. As previously stated, they have been living together since January, 1994, and have discussed marriage.
The parties have stipulated that Gary A. Olcha, the appraiser for the Fairfield Beach property, if called to court, would testify as stated in his appraisal report. (Plaintiff's exhibit C.) That CT Page 9345 appraisal fixes a value to the Fairfield Beach property of $785,000. The property is subject to a mortgage to People's Bank originally in the principal amount of $74,000 upon which the defendant's mother, the defendant and the plaintiff are joint and several obligors and upon which the present principal balance is $71,000.
The defendant is the vested remainder beneficiary of a trust under her grandmother's will. At current values, she will receive $300,000 from that trust upon the death of the life beneficiary, her mother, who is 80 years of age.
The parties have both been employed during their entire married life except, perhaps, for very brief periods of time between jobs. During all of the marriage, the defendant kept track of the parties' finances, kept the checkbook and paid the bills. The plaintiff handed her his weekly check and kept $20 to $60 per week for his own expenses. Since living at the Fairfield Beach home, they have contributed equally with defendant's mother on the mortgage, taxes and insurance. Utilities are separate and they have paid their own expenses.
Since the periodic alimony order the court shall enter in this case is most likely less than what is necessary to meet the defendant's obligations to carry her mother's and her home, the defendant may seek other employment and may receive rental income from a tenant or tenants. If such be the case, such additional income shall not be a basis for the plaintiff's modification of the periodic alimony award.
The court has considered the claim of the defendant for counsel fees. In arriving at its decision in this regard, the court has considered the provisions of § 46b-62 of the General Statutes and the provisions of § 46b-82. While the defendant's request is for $15,000 as a contribution toward her counsel fees, this request must be moderated by the plaintiff's ability to pay.
In arriving at a decision in this case the court must be guided by the following:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes § 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to CT Page 9346 consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530 (1980); Watson v. Watson, 221 Conn. 698, 710 (1992).
The court has considered all of the criteria of §§ 46b-81 and 46b-82
of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v.Weiman, 188 Conn. 232, 234 (1982).
Suffice to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5 (1985), and that the court need not give equal weight to each factor. Kane v. Parry,24 Conn. App. 307, 313-14 (1991).
In addition to the foregoing findings, the court finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of counts one and two of the defendant's cross-complaint have been proved and are true.
3. The plaintiff is at fault for the breakdown of the marriage.
Having considered all of the evidence, the case law and the provisions of § 46b-81, § 46b-82 and § 46b-62 of the General Statutes, the court enters the following orders: CT Page 9347
1. A decree of dissolution of the parties' marriage shall enter on the grounds of irretrievable breakdown of the marriage on the first count of the defendant's cross-complaint.
2. The plaintiff shall pay to the defendant by way of periodic alimony the sum of $200 per week commencing September 1, 1995 and payable on each Friday thereafter terminable upon the earliest to occur of the following events: the death of either party or the defendant's remarriage. At such time as the plaintiff retires, said alimony shall be redetermined, and the amount payable, if any, shall be based upon the income of the parties at that time. An immediate order for wage withholding shall issue to secure the orders for alimony, said amount to be paid directly to the defendant.
3. The defendant shall pay to the plaintiff by way of an assignment of estate pursuant to § 46b-81 of the General Statutes for his equitable interest in the Fairfield Beach property the sum of One Hundred Thousand ($100,000) Dollars upon receipt by her of her share of her remainder interest under the will of her grandmother or upon the sale of the Fairfield Beach property, whichever event shall first occur. The defendant shall execute a promissory note in said amount payable to the plaintiff and due as hereinbefore stated without interest which promissory note shall be secured by a mortgage upon the interest of the defendant in the aforesaid real property. This mortgage shall be subordinate to the existing first mortgage upon the property and shall be subordinate to any substitute mortgage for the currently existing People's Bank mortgage.
3. The defendant shall indemnify and hold harmless the plaintiff from any claim or demand upon the existing mortgage to People's Bank.
4. The time shares shall be divided between the parties, the plaintiff to receive the time share at Block Island and the defendant to receive the time share in Vermont. The defendant shall indemnify and hold harmless the plaintiff from any claim or demand upon the existing first mortgage upon the Vermont property.
5. The defendant shall convey all of her right, title and interest in and to the real property at Citrus Springs, Florida to the plaintiff so that this property shall be wholly his free of any claim or demand by her.
6. The plaintiff shall retain all right, title and interest in and to his pension plan free of any claim by the defendant in the future CT Page 9348 except for any alimony claim she may be entitled to make as to pension income received by the plaintiff.
7. The defendant shall retain all right, title and interest in and to her profit sharing plan free of any claim or demand by the plaintiff.
8. Except as otherwise provided herein, the plaintiff shall retain all right, title and interest in and to his ESOP and TRASOP savings accounts free of any claim or demand by the defendant.
9. Each party shall be entitled to retain the other personal property listed in his and her financial affidavits, including bank accounts, free of any claim or demand by the other party.
10. Each party shall be responsible for the liabilities listed on his or her financial affidavit and shall indemnify and hold harmless the other party from any claim or demand thereon.
11. The plaintiff shall retain the life insurance policy with Philadelphia Life Insurance Company with a payable upon death benefit of $98,000. The defendant has this policy in her possession and shall deliver the same to the plaintiff within two (2) weeks of this date. The plaintiff shall maintain said policy naming the defendant as irretrievable first beneficiary thereof for so long as he is obligated to pay alimony to the defendant.
12. The parties have agreed to their mutual satisfaction to a distribution of personal effects, household furniture and furnishings and all other articles of personal property. The plaintiff shall be entitled to the following items from the marital home:
a. his hand and power tools;
b. his iceboat;
c. the print by Bev Doolittle (Season of the Wolf).
13. The plaintiff shall pay to the defendant as a contribution toward her counsel fees the sum of Seven Thousand Five Hundred ($7,500) Dollars. Said sum shall be payable in the amount of Three Thousand Seven Hundred and Fifty ($3,750) Dollars within thirty (30) days of this date and a like sum on January 2, 1996. CT Page 9349
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE