[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff husband against the defendant wife. The parties were married on February 2, 1991 in Stratford, Connecticut. The plaintiff is in good health and is 41 years of age. The defendant, also, is in good health and 43 years of age. There are no children issue of the marriage. The parties separated in March, 1995 and have been living separate and apart since that time.
The parties met in October, 1988 and dated together until the time of their marriage. The defendant had three children of her prior marriage, the children being ages 23, 19 and 10 or 11 when they married. It is the youngest child, Heather, that has caused the difficulty between the parties and both parties agree that the marriage has broken down because of the minor child, Heather.
At the time of their marriage, the plaintiff lived with his mother. He owned a trailer lot in Las Vegas, Nevada, which he continues to own, and inherited the condominium from his mother located at 109 McGrath Court in Stratford. At the time of their CT Page 13095 marriage, the defendant owned a two family house at 935-937 Howard Avenue in Bridgeport.
In May, 1990, the parties purchased the property at 147 Freeman Avenue in Bridgeport for $188,000 with a mortgage of $144,000. The property has materially decreased in value, the mortgage is being foreclosed and the date for redemption is January 16, 1996.
The Howard Avenue property owned by the defendant has been appraised for $34,000. It is subject to a mortgage for $84,500. This mortgage is not in default and the property is rented and producing income for the defendant. One tenant is the defendant's daughter Lisa who lives there with her husband and child who are paying a reduced rental.
The plaintiff inherited $72,000 from his mother's estate during the marriage. This money has been spent or lost during the course of this short marriage. At the time of the marriage, the plaintiff worked at Sikorsky where he was employed for 13 years and 3 months in computer operations. He has a Bachelor of Science degree in computer operation science. He was laid off in February, 1994. He has very recently been hired in a temporary position for three months at Branden Systems, a division of Seagrams in White Plains, New York. This position is a temporary position for a period of 90 days. The plaintiff is paid $12.00 per hour for a 35 hour work week.
The defendant is employed at the Hawley Lane branch of People's Bank as a customer representative. She is earning a net of $341.89 per week. She testified that since she has only a high school education that she has reached the top of her advancement. For that reason, she has requested the National Strategic Alliance Network 900 numbers to be assigned to her.
In determining the proper orders in this case the court must consider the factors set forth in §§ 46b-81, 46b-82 and 46b-62 of the General Statutes. With respect to alimony, support and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes § 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970); `This CT Page 13096 court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530 (1980); Watson v. Watson, 221 Conn. 698, 710 (1992).
The court has considered all of the criteria of §§ 46b-81,46b-82 and 46b-62 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v.Scherr, 183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman,188 Conn. 232, 234 (1982).
Suffice to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5 (1985), and that the court need not give equal weight to each factor. Kane v.Parry, 24 Conn. App. 307, 313-14 (1991).
The court, in addition to the foregoing findings, finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are CT Page 13097 true.
3. There has been an irretrievable breakdown of the marriage.
4. Neither party is at fault for the breakdown of the marriage.
The court enters the following orders:
1. A decree of dissolution of the parties' marriage shall enter upon the complaint on the grounds of irretrievable breakdown of the marriage. Since the decree is entered on the plaintiff's complaint, the defendant's cross complaint is dismissed.
2. There shall be no periodic alimony to either of the parties.
3. The plaintiff shall pay to the defendant by way of lump sum alimony the sum of Five Thousand ($5,000) Dollars to be paid on or before December 31, 1995.
4. The plaintiff shall pay the necessary costs to allow the defendant to obtain three access numbers with the National Strategic Alliance Network of 900 numbers. The obligation of the plaintiff in this regard is to pay the initial cost and not any ongoing expenses in connection with this purchase.
5. The real property at 147 Freeman Avenue in Stratford is in foreclosure. The defendant shall have exclusive possession of said property until January 16, 1996 or any extension of the law day. The property shall be held in the parties' name as tenants in common and both shall be responsible upon the mortgage jointly and severally.
6. The real property at 935-937 Howard Avenue shall be wholly the defendant's and she shall indemnify and hold harmless the plaintiff from any claim or demand upon the existing mortgage upon this property.
7. The Las Vegas, Nevada trailer lot shall be wholly the plaintiff's free and clear of any claim or demand by the defendant as shall also the real property at 109 McGrath Court in Stratford which he shall own free and clear of any demand by the defendant.
8. The United States Savings Bonds purchased by the plaintiff CT Page 13098 while employed at Sikorsky shall be wholly his free of any claim or demand by the defendant.
9. The Compudyne Computer shall be the property of the defendant and the Apple 2C Computer shall be the property of the plaintiff.
10. The tangible personal property at 109 McGrath Court shall be wholly the plaintiff's. Those items set forth in plaintiff's exhibit A shall be the plaintiff's free of any claim or demand by the defendant except for the Samsung color T.V. and VCR and the Compudyne Multimedia Computer which shall be the defendant's free of any claim or demand by the plaintiff.
11. The tangible personal property on plaintiff's exhibit B shall be wholly the plaintiff's free of any claim or demand by the defendant except for the Cannon camera and any of its lenses, the large tin coffee pot, and the three pieces of tapestry luggage which shall be the defendant's free of any claim or demand by the plaintiff. To the extent that the parties must separate computer equipment and the file cabinets mentioned on plaintiff's exhibit B, they shall do so. Any disagreement in this regard shall be referred to Family Relations for discussion and resolution. If the parties still are in disagreement upon this issue, they shall return to court for further orders.
12. The cat and the poodle shall be the defendant's property.
13. In view of the court's ruling under no. 4 above, the existing National Strategic Alliance Network 900 numbers and the Givens set shall be the plaintiff's free of any claim or demand by the defendant.
14. The tangible personal property at 109 McGrath Court shall be wholly the plaintiff's free of any claim or demand by the defendant.
15. The remaining tangible personal property at 147 Freeman Avenue in Stratford shall be the property of the defendant free of any claim or demand by the plaintiff. Arrangements shall be made by counsel for the parties for the plaintiff's removal of the property on exhibits A and B at a convenient time for the parties. CT Page 13099
16. Each party shall retain his or her own retirement pension free of any claim or demand by the other party.
17. The plaintiff shall have his tools and tool box in the garage at Freeman Avenue, and the pictures of the wedding taken by his cousin. If the defendant wants any of those pictures, she may obtain copies of the same at her expense.
18. Except as set forth herein, the plaintiff shall retain as his property free of any claim or demand by the defendant the property listed on his financial affidavit to include his Sikorsky Credit Union account, his People Savings Account, his 10 shares of Circus, Circus, his two shares of Northrup, his life insurance, his IRA, his Sikorsky Savings Plan and his 1988 Chevrolet Beretta.
19. Except as set forth herein, the defendant shall retain as her property free of any claim or demand by the plaintiff the property listed on her financial affidavit to include her life insurance policy and her 1988 Chevrolet Wagon.
20. Each party shall be responsible for his or her own liabilities and shall indemnify and hold harmless the other party from any claim or demand thereon.
21. The parties shall cooperate in filing joint income tax returns for 1994. Any refund shall be divided proportionately between the parties based upon their income. Any deficiency, interest or penalties shall also be divided proportionately between the parties based upon their incomes.
22. The defendant shall cooperate with the plaintiff to assist him in obtaining medical insurance coverage under her policy provided by her employer pursuant to the provisions of § 38a-538 of the General Statutes, such extended coverage, however, to be at the plaintiff's expense.
23. Each party shall pay his or her own attorney's fees.
24. The defendant may have restored to her former name of Carol L. Young.
Orders shall enter in accordance with the foregoing
EDGAR W. BASSICK, III, JUDGE CT Page 13100